```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

--------------------------------x
JEFFREY FLETCHER,               :
                                :
               Plaintiff,       :
                                :
v.                              :    Case No. 3:11-cv-00708-AWT
                                :
CITY OF NEW HAVEN and           :
CIVIL SERVICE COMMISSION        :
OF THE CITY OF NEW HAVEN,       :
                                :
               Defendants.      :
                                :
--------------------------------x
```

### RULING ON MOTION TO DISMISS

Plaintiff New Haven Police Department ("NHPD") officer Jeremy Fletcher ("Fletcher") brings this action against defendants City of New Haven and the Civil Service Commission of the City of New Haven (collectively, the "City")[1]. The plaintiff brings claims pursuant to 42 U.S.C. § 1983 for violation of his rights to procedural and substantive due process under the Fourteenth Amendment of the United States Constitution. The plaintiff also brings state law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of the plaintiff's rights to procedural and substantive due process under the Connecticut Constitution. The defendants have moved to dismiss all claims. For the reasons set

---

[1] The plaintiff has named the "Civil Service Commission of the City of New Haven" as a defendant, but several exhibits submitted by the parties refer to the "Civil Service Board." Neither side has addressed the relationship between the two entities, but the defendants refer to the City of New Haven and the Civil Service Commission of the City of New Haven collectively as the "City." Therefore, the court does also for purposes of the instant motion.

forth below, the defendants' motion is being granted.

## I.   FACTUAL ALLEGATIONS

Fletcher is a patrol officer with the NHPD. In 2008, Fletcher decided to take the 2009 promotional examination for promotion to the rank of sergeant. Fletcher spent considerable time and expense preparing for the promotional examination.

The City established an open bidding process to select a private third party to establish, administer and score the promotional examination. Resource Management Associates ("RMA") won the bid, and on November 25, 2008, the City entered into a contract with RMA for the administration of the promotional examination. The expiration date for the contract was April 13, 2009.[2]

RMA administered the promotional exam in two parts: a written examination and an oral examination. The plaintiff alleges that RMA administered the written examination on April 8, 2009, and administered the oral examination on April 18, 2009, five days after the date on which the contract expired. Fletcher took both parts of the promotional examination.

On April 14, 2009, a "Special Civil Service Meeting" was

---

[2] As an exhibit in support of their motion to dismiss, the defendants have submitted a contract purporting to extend the deadline for administering the promotional examination from April 13, 2009 to June 30, 2009. Because this contract is not attached as an exhibit or incorporated by reference in a pleading, and is not a document of which the court can take judicial notice, the court does not consider it for purposes of the instant motion.

held.  (Objection and Mem. of Law in Opp'n to Mot. to Dismiss, Ex. D (Doc. No. 16-4)).  At the meeting, the City considered appeals from candidates who had missed certain deadlines and consequently had been denied entrance to the oral examination. The City granted these candidates' appeals and allowed them to sit for the oral examination on April 18, 2009.  The meeting was held without notice to the public or to the other candidates for promotion, including Fletcher.

On July 14, 2009, the City informed Fletcher that he had not passed the promotional examination.  Fletcher claims that the defendants forced him to compete against people who were ineligible to take the oral examination, causing him loss of income, promotional benefits, emotional distress and humiliation.

## II.   LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, . . . , a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 545, 555 (2007), citing Papasan v. Allain, 478 U.S. 265, 286

(1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.' " Mytych v. May Dep't Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999) (quoting Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)). "The issue is not whether plaintiff will prevail, but whether he is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice

4

may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

**III. DISCUSSION**

Fletcher brings federal procedural and substantive due process claims pursuant to 42 U.S.C. § 1983.  Fletcher also brings procedural and substantive due process claims under the Connecticut Constitution and common law claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

  **A. Section 1983 Procedural Due Process Claim (Count III)**

Fletcher claims that the City deliberately implemented a void contract by allowing RMA to hold the oral examination after the expiration of the contract, and deliberately expanded the class of candidates eligible for the oral examination by granting the appeal of candidates who were originally denied admission to the oral examination.  Fletcher further alleges that these actions by the City violated his right to procedural due process in violation of 42 U.S.C. § 1983.[3]

Fletcher claims that as a direct and proximate consequence of this violation, he was unable to protect his rights, and was forced to compete against other persons outside the class of proper candidates for the oral examination, which resulted in a

---

[3] Although the plaintiff cited 42 U.S.C. § 1985 in his Complaint, in his Objection and Mem. of Law in Opp'n to Mot. to Dismiss (Doc. No. 16) he makes it clear that his claims for violation of his rights to procedural and substantive due process of law are brought pursuant to 42 U.S.C. § 1983.

loss of income, promotional benefits, emotional distress and humiliation.

In order to sustain a claim for deprivation of procedural due process under the Fourteenth Amendment--that is, a lack of adequate notice and a meaningful opportunity to be heard--a plaintiff must "first identify a property right, second show that the state has deprived him of that right, and third show that the deprivation was effected without due process." Mehta v. Surles, 905 F.2d 595, 598 (2d Cir. 1990). Therefore, the court must first determine whether Fletcher has identified a protectable property interest.

Property interests that are protected by the Due Process Clause of the Fourteenth Amendment are defined by "existing rules or understandings that stem from an independent source such as state law." Bd. Of Regents v. Roth, 408 U.S. 564, 577 (1972). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Id.

While state law defines the underlying property interest, "federal constitutional law determines whether that interest rises to the level of a 'legitimate claim of entitlement' protected by the Due Process Clause." Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 9 (1978) (quoting Roth, 408 U.S. at

577).  In particular, not every contractual benefit rises to the level of a constitutionally protected property interest.  "It is neither workable nor within the intent of section 1983 to convert every breach of contract claim against a state [actor] into a federal claim."  San Bernardino Physicians' Servs. Med. Grp. v. Cnty. of San Bernardino, 825 F.2d 1404, 1408 (9th Cir. 1987).  See also Costello v. Town of Fairfield, 811 F.2d 782, 784 (2d Cir. 1987) (a simple contract dispute does not give rise to a cause of action under § 1983); Brown v. Brienen, 722 F.2d 360, 364 (7th Cir. 1983) ("[T]here is no rule that every breach of a public employment contract is a deprivation of property within the meaning of the due process clause.").

    Generally, there is no legitimate claim of entitlement to a promotion, and therefore no protectable property interest in a promotional opportunity or examination.  See McMenemy v. City of Rochester, 241 F.3d 279, 286-88 (2d Cir. 2001) (Rochester firefighter did not have property interest in promotion, competitive examination, or being considered for promotion); Bridgeport Firebird Soc'y v. City of Bridgeport, 686 F. Supp. 53, 58 (D. Conn. 1983) (firefighters on Bridgeport's promotion eligibility list for the rank of Lieutenant had "only . . . a mere expectation of promotion, which does not rise to the level of a legally protected interest, . . . .").  See also Burns v. Sullivan, 619 F.2d 99, 104-05 (1st Cir.), cert. denied, 499 U.S.

893 (1980) (plaintiff's claim that state promotion procedures were not followed does not constitute a due process claim where there was no property interest in the promotion); Kielczynski v. Village of LaGrange, 19 F. Supp. 2d 877 (N.D. Ill. 1998) (police officer has no protectable property or liberty interest in her promotional opportunities and cannot allege a due process violation when barred from competing for sergeant's position).

The Second Circuit has only recognized a protected property interest in a promotion under extraordinary circumstances. In Ezekwo v. N.Y. City Health & Hosps. Corp., 940 F.2d 775, 782-83 (2d Cir. 1991), the Second Circuit concluded that a physician had a protected property interest in the position of Chief Resident where the hospital had an established policy and practice of awarding the position to all third-year residents on a rotating basis. Also, the hospital had verbally advised the plaintiff that she would become Chief Resident and receive a salary differential. The court concluded that the hospital's "course of conduct, coupled with Ezekwo's reasonable reliance thereon, created a contractual right that rose to the level of a significant property interest that would be protected under state law." Id. at 783.

No special circumstances are present here. Fletcher has not alleged any facts suggesting that the defendants' communications, policies, or past practices created a contractual right to a

promotion.  Although Fletcher invested time and resources preparing for the promotional examination, and may have desired or even expected a promotion to Sergeant, "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it." Bd. Of Regents v. Roth, 408 U.S. 564, 577 (1972).  See Davenport v. Univ. of Arkansas Bd. Of Trs., 553 F.3d 1110, 1114 (8th Cir. 2009) ("A property interest in a promotion cannot arise from unilateral expectations, but instead, an individual must have a legitimate claim of entitlement to the promotion.").

    Fletcher attempts to distinguish his case from Bridgeport Firebird and other cases holding that there is no constitutionally protected property interest in a promotion by arguing that he is not seeking to challenge the results of the examination, but rather its administration.  However, the Second Circuit has held that when a plaintiff has no property interest in a promotion, the procedures used to award or deny that promotion "are immaterial to his due process claim."  McMenemy v. City of Rochester, 241 F.3d 279, 287 (2d Cir. 2001).  See also Schwartz v. Mayor's Comm. on the Judiciary, 816 F.2d 54, 57 (2d Cir. 1987) (holding that procedures requiring notice and opportunity to be heard with respect to a decision on whether to reappoint a family court judge did not create a property interest where there was no underlying property interest in the job).

Here the examination was not an end in itself but only had value because it could lead to something valuable. See McMenemy, 241 F.3d at 287 ("Although New York State law clearly requires a 'competitive' examination, the law does not create a cognizable property interest in a competitive examination. An examination is not an end in itself; it has value only because it may lead to something valuable."). Because Fletcher has no cognizable property interest in a promotion to Sergeant, he also lacks a property interest in a competitive examination for that promotion.

On a procedural due process claim, "[t]he threshold issue is always whether the plaintiff has a property or liberty interest protected by the Constitution." Narumanchi v. Bd. of Trs. of Conn. Stat. Univ., 850 F.2d 70, 72 (2d Cir. 1988). Because Fletcher has failed to allege deprivation of a constitutionally-protected property interest, he has not stated a procedural due process claim.

**B.   Section 1983 Substantive Due Process Claim (Count III)**

Fletcher also alleges violation of his substantive due process rights. State action violates substantive due process rights when it is " 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.' " Okin v. Village of Cornwall-On-Hudson Police Dep't, 577 F.3d 415, 431 (2d Cir. 2009) (quoting Cnty. of Sacramento v. Lewis, 523 U.S. 833,

847 n. 8 (1998)). The Supreme Court has held that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing' such a claim." Albright v. Oliver, 510 U.S. 266, 273 (1994) (plurality opinion of Rehnquist, C.J.) (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)).

In this case, Fletcher's substantive due process claim is based on the same allegations that give rise to his Fourteenth Amendment procedural due process claim, so the substantive due process claim should be dismissed. See Velez v. Levy, 274 F. Supp. 2d 444, 454 (S.D.N.Y. 2003), aff'd in part, 401 F.3d 75 (2d Cir. 2005) ("[T]o the extent that the plaintiff's substantive due process claim is based on the same allegations that give rise to the plaintiff's Fourteenth Amendment procedural due process claims, the underlying allegations must be analyzed under the relevant standards for a procedural due process claim, . . . rather than standards that govern a claim for substantive due process.").

**C.   State Law Claims (Counts I, II and IV)**

Having dismissed Fletcher's federal-law claims, the court declines to exercise supplemental jurisdiction over his state-law claims in the interests of judicial economy, convenience,

fairness, and comity.  Under 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." When federal claims are dismissed before trial, the basis for retaining jurisdiction is weak.  See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)).  Here all of the factors to be considered point toward declining jurisdiction over Fletcher's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of his rights to procedural and substantive due process under the Connecticut State Constitution.

**IV.  CONCLUSION**

For the reasons set forth above, Defs.' Mot. to Dismiss (Doc. No. 11) is hereby GRANTED.  The plaintiff's § 1983 claims

are dismissed, and the court declines to exercise supplemental jurisdiction over the plaintiff's state law claims.

The Clerk shall enter judgment accordingly and close this case.

It is so ordered.

Dated this 27th day of March 2012 at Hartford, Connecticut.

_____/s/_____
Alvin W. Thompson
United States District Judge
